IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LYNN GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-1153-RJD |
| ) | |
| LOVE'S TRAVEL STOPS & COUNTRY ) | |
| STORE, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion to Intervene by Travelers Indemnity Company of America (Docs. 22 and 23). Travelers Indemnity Company of America ("Travelers") provided workers' compensation benefits to Plaintiff after she was allegedly injured on Defendant's property. Defendant objects to the motion (Doc. 27). Plaintiff filed no response or objection.

The Court must allow a party to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2) when the following criteria are met: 1) the motion to intervene is timely; 2) the party has "an interest relating to the subject matter of the action"; 3) that interest may be impaired by disposition of the action; and 4) the existing parties will not provide adequate representation of that interest. *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019) (internal citations omitted). Here, Travelers asserts a lien for the workers' compensation benefits paid to or on behalf of Plaintiff. As noted by Defendant, Travelers' Motion to Intervene does not establish that Plaintiff cannot adequately represent Travelers' interest. In its motion, Travelers

merely states "on information and belief, the existing parties' adverse interests preclude them from adequately representing the interest of Travelers." This cursory statement is not sufficient for Travelers to intervene as of right in this matter.

The Court may allow a party to intervene if it "has a claim or defense that shares with the main action a common question of law or fact" and there is independent jurisdiction. Fed. R. Civ. P. 24(b)(1)(B); *Ligas ex. Rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007). It appears that the claims by Travelers and Plaintiff share common questions of fact. However, apart from providing the Court with the amount in controversy ($196,704.19), Travelers provides no information to the Court regarding whether there is independent jurisdiction over Travelers' claim. Without this information, the Court cannot permit Travelers to intervene in this matter.

Having neglected to establish that the existing parties cannot adequately represent its interests, or to establish there is independent jurisdiction over its claims, Travelers' Motion to Intervene is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

**DATED:   August 31, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**